Cedric GREENE, Plaintiff-Appellant,

v.

ACCESS SERVICES INC., Defendant-Appellee.

No. 17-4150

United States Court of Appeals, Tenth Circuit.

Filed January 24, 2018

(D.C. No. 2:16-CV-01272-CW) (D. Utah)

Cedric Greene, Pro Se

Before KELLY, MURPHY, and MATHESON, Circuit Judges.

## ORDER AND JUDGMENT *

Paul J. Kelly, Jr., Circuit Judge

Plaintiff-Appellant Cedric Greene, appearing pro se, appeals from the district court's dismissal of his action for lack of subject matter jurisdiction. Mr. Greene, on behalf of his wife-to-be, Valerie Stephen, sued Access Services Inc. for $50,000, alleging that an Access driver in California knocked Ms. Stephen to the ground. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The district court dismissed Mr. Greene's claims because it found that he failed to establish diversity or subject mat-

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ter jurisdiction. Greene v. Access Serv. Inc., No. 16-cv-1272-CW-EJF, 2017 WL 3912985, at *2 (D. Utah Sept. 7, 2017). We agree. There is no diversity jurisdiction because the complaint sought under $75,000; moreover, the complaint lacks allegations concerning the citizenship of Mr. Greene, Ms. Stephen, or Access. See 28 U.S.C § 1332(a)(1). Additionally, Mr. Greene failed to establish that his case arises under the Constitution, laws, or treaties of the United States for purposes of federal question jurisdiction. See id. § 1331. As noted by the district court, Mr. Greene's claims of intentional infliction of emotional distress and negligence are state, not federal, claims. Greene, 2017 WL 3912985, at *2. Finally, we conclude that this appeal is frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (requiring a reasoned and nonfrivolous argument to proceed on appeal IFP). The district court found it unnecessary to address whether Mr. Greene could represent Ms. Stephen; we agree with the magistrate judge that he may not. See 28 U.S.C. § 1654 ("[P]arties may plead and conduct their own cases personally or by counsel....").

AFFIRMED. We DENY IFP status.